NATIONAL CONDUIT & CABLE CO. v. JOHN A. ROEBLING'S SONS CO.

(Circuit Court of Appeals, Second Circuit. December 4, 1907.)

No. 31.

PATENTS—INFRINGEMENT—ELECTRIC CONDUCTOR.

The McCracken patent No. 304,539, claim 1, for an electric conductor consisting of a wire having an insulating covering of paper, is limited by the proceedings in the Patent Office during which the patentee, to meet

objections made by the office, changed the claim so as to describe the paper as "spirally-wound," and is not infringed by a wire having a longitudinal wrapping of paper.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree dismissing a bill for infringement of U. S. patent No. 304,539, issued September 2, 1884, to Edwin D. McCracken for an electric conductor. No opinion was delivered in the Circuit Court.

Warner, Johnson & Galston, for appellant.

C. J. Sawyer and M. B. Philipp, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The patentee states in his specification that he has invented a new and useful improvement in electrical conductors. That for all insulated electric conductors or wires it is desirable that the covering of insulating material should be as thin as is consistent with a perfect insulation. "I have," says the patentee, "discovered that thin manila or other pure vegetable paper possesses in a high degree the qualities necessary for a perfect insulation, and that by its use can be obtained a perfect insulation with a less thickness of covering than is possible in any other way. The invention consists in an electric wire having a covering consisting of a spirally-wound and lapping strip or strips of paper composed of pure vegetable fiber and applied in its unchanged fibrous condition to the wire, the paper forming of itself the insulating-covering for the wire. The invention also consists in an electric wire having a covering consisting of a spirally-wound and lapping strip or strips of paper applied with a waterproof adhesive substance, consisting of a thin solution of india rubber, the paper forming of itself the insulating covering for the wire. * * * In Fig. 1 the single strip, which constitutes the insulation, is wound spirally and lapped about half its width, thus producing an insulation consisting of two thicknesses of paper. In Fig. 2 the insulation consists of two strips wound one over the other with a lap of about half the width; the second strip being laid so as to break joints with the first, thus giving an insulation of four thicknesses of paper." Elsewhere in the specifications it is stated that, "Fig. 2 represents a piece of wire having an insulation which consists of two spirally-wound strips of paper," which is a correct description of the drawing.

The first claim of the patent, upon which alone complainant relies, reads as follows:

"1. An electric wire having a covering consisting of a spirally-wound and lapping strip or strips of paper composed of pure vegetable fiber, and applied in its unchanged fibrous condition to the wire, the paper forming of itself the insulating-covering for the wire, substantially as herein described."

The question of infringement will be first considered. A sample of insulated wire was introduced in rebuttal and marked "Sample of Defendant's Cable No. 2." It is not disputed that there is no proof in the record that such cables were made, sold, or used by defendant

before February, 1900, a year and a half after the bill was filed. This alleged sample, therefore, cannot be considered in determining the question of infringement. The form of insulation which defendant has used comprises an inner longitudinal wrapping of paper which lies next to the wire and immediately incloses it, being wide enough to completely enfold it and overlap, thus providing a continuous and complete insulating covering for the wire. This longitudinal insulating strip is held in place, sometimes by string wound spirally around it, sometimes by a strip of paper similarly wound. In the latter structure the strip of paper merely takes the place of the string in keeping the inner strip in place; the latter, completely inclosing the wire, is the insulating covering. Complainant contends that this longitudinal insulating paper strip is the equivalent of the "spirally-wound and lapping strip" of the patent. Defendant contends that, being longitudinal and not spirally-wound, it is not covered by the claim. In the case of a meritorious invention a reasonable liberality in applying the doctrine of equivalents is not unusual, and patentees are not always held closely to the precise form stated in the claim when the same functions are found in a structure of a somewhat different form. But the history of this patent during its passage through the Patent Office precludes any construction of the claim which will eliminate the qualifying words "spirally-wound." The principle of construction which should be followed was expressed by this court in Victor Talking Machine Co. v. American Graphophone Co., 151 Fed. 601, 81 C. C. A. 145:

"The applicant for a patent is entitled to specify and claim in his application the subject-matter of which he believes himself to be the original inventor, and to persist in his assertions and claims until final action thereon by the Patent Office. But when his claims are rejected on references cited against them, he is called upon to exercise his election, between insistence and appeal or desistence and acquiescence. And while the language of the patent as issued may not be contradicted by mere voluntary expressions of opinion, or argumentative suggestions made by the applicant in his communications to the Patent Office, especially where no change is made in the claims, * * * yet, on the other hand, the public is interested in securing due limitations upon the claim of an exclusive monopoly, on the ground of patentable novelty, and is entitled to the benefit of admissions imposed upon the applicant as a condition precedent to the allowance of the patent. * * * While, therefore, an applicant for a patent may stake out the boundaries of his territory, yet if, upon notice from the Patent Office that some portion of said territory is the property of another or is held in common by the public, he acquiesces in such statement, and alters his boundaries accordingly, he is concluded by such abandonment, and cannot afterward undertake to define his territory by rolling stones, which he may move about across the lines of his original boundaries so as to appropriate property previously conceded to belong to others."

This language is exactly applicable to the case at bar. The patentee came into the Office with a specification substantially the same as above quoted, but with a somewhat different statement of invention, reading as follows:

"The invention consists essentially in an electric conductor having an insulation consisting of a wrapping of paper applied with adhesive substance, which is preferably waterproof where the conductor or wire will not be kept dry. The invention consists also in an electric conductor or wire having an insulation consisting of a spirally-wound and lapping strip or strips of paper."

The first claim of the original application was:

"1. An electric conductor or wire having an insulation consisting of a wrapping of paper the edges of which are united by adhesive substance, substantially as herein described."

The five other claims mentioned the "spirally-wound" strip or strips as an element. Had the patent issued, unchanged from the original application, the patentee could not have been restricted to spirally-wound paper. The Office rejected all the claims, and cited three patents against them, one of these being U. S. Patent to Tainter, No. 289,725, Dec. 4, 1883. That patent, among other things, contained the following statement of invention:

"The invention consists, fourthly, in insulating a conductor with a strip or strips of paraffined paper, or paper coated or impregnated with other insulating material, or otherwise rendered insulating, or of other fabric suitably coated, impregnated, or prepared, folded longitudinally around the conductor to be insulated."

In response to this reference the patentee wrote:

"My claims are not in patent to Tainter, because he does not state that his paper is pure vegetable fiber; because he does not use a waterproof adhesive substance consisting of a thin solution of india rubber; because his paper is not laid on spirally; and, for the greatest reason of all, that he uses the paper simply as an envelope to confine the insulating substance," etc.

Not content with this "argumentative suggestion," patentee amended his specification and claim. In place of the statement above quoted from the original application, setting forth the invention, he substituted:

"The invention consists in an electric wire having a covering consisting of a spirally-wound and lapping strip, etc. * * * The invention also consists in an electric wire having a covering consisting of a spirally-wound and lapping strip or strips," etc.

The patentee also amended the first claim, which in the original application contained no statement as to how the covering was to be wound, so as to read:

"1. An electric wire having a covering consisting of a spirally-wound and lapping strip or strips," etc.

These changes thereafter remained in specification and claim, and are found in the patent as issued. Under these circumstances we are clearly of the opinion that the words "spirally-wound" thus inserted in the claim cannot be disregarded, and that infringement of this claim cannot be predicated of any structure in which the insulating paper is wound, not spirally, but longitudinally.

The decree of the circuit court is affirmed with costs.